IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLTON PERSON, | § | |
| TDCJ-CID NO.598793, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-10-2680 |
| | § | |
| JERRY L. INSCO, *et al*., | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 from an allegedly wrongful disciplinary conviction. (Docket Entry No.1). He seeks compensatory damages from defendants and an order to overturn the disciplinary conviction and to remove such conviction from his records. (*Id*.). For the reasons to follow, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

Plaintiff is currently incarcerated at the Ellis Unit in Huntsville, Texas, where he is serving a life sentence from a 1991 murder conviction in Harris County, Texas. *Person v. Cockrell*, Civil Action No.4:01cv0431 (S.D. Tex. Jan. 30, 2002); Texas Department of Criminal Justice website.[1] Plaintiff was found guilty of a Code 04.0 disciplinary offense of threatening an officer and for a Code 24.0 offense of failing to obey an order in Disciplinary Case No.20100217543. (Docket Entry No.1, page 10). Plaintiff's punishment was assessed at 180

---

[1] http://168.51.178.33/webapp/TDCJ/InmateDetails.sjp?sidnumber=02346141

days forfeiture of good time credit, reduction in line class status, forty-five days cell and commissary restriction, and fifteen days of solitary confinement. (*Id.*, page 6).

Plaintiff alleges that Food Service Manager Jerry Insco filed a "bogus" case, which led to his disciplinary conviction. (Docket Entry No.1). He also alleges that Counsel-Substitutes Patricia Kilcrease and Angela Jeter failed to conduct a proper investigation of the charges, *i.e*., they did not question him or his witnesses. He contends that Counsel-Substitute Kilcrease falsified documents by stating that she talked to him while he was quarantined. He also complains that Disciplinary Hearing Officer, Captain Deleta Jones, deprived him of due process because he was given insufficient notice of the charges against him, he was not allowed to present witnesses at the disciplinary hearing, and he was not allowed to attend the hearing. (*Id.*).

## DISCUSSION

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### Due Process

Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. *Hudson v. Johnson*, 242 F.3d 534, 535-36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v.*

*Kyle,* 65 F.3d 29, 31-33 (5th Cir. 1995). Plaintiff is serving a life sentence from a 1991 murder conviction, and therefore, is ineligible for mandatory supervision. *See Ex parte Franks*, 71 S.W. 3d 327, 327-28 (Tex. Crim. App. 2001); *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). Therefore the loss of his good conduct credit does not implicate a protected liberty interest. Moreover, the other changes in plaintiff's confinement from the disciplinary conviction *i.e.*, the loss of commissary privileges, cell restriction, and reduction in class line status, do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause. *See Malchi*, 211 F.3d at 959 (right to particular time-earning status); *Madison*, 104 F.3d at 768 (loss of commissary privileges and cell restriction); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1996) (loss of opportunity to earn good time credits). Because none of the disciplinary sanctions imposed in this case deprive plaintiff of a protected liberty interest, his claims regarding the lack of notice, witnesses, attendance at the disciplinary proceeding, and attendance do not implicate due process concerns. Accordingly, to the extent that plaintiff claims defendants Jones, Kilcrease, Jeter, and Insco violated his due process rights with respect to the disciplinary conviction, such claims are frivolous and subject to dismissal.

Ineffective Assistance of Counsel-Substitute

An inmate does not have a right to either retained or appointed counsel in a disciplinary hearing. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976). Because plaintiff has no constitutional right to the assistance of counsel substitute, he fails to state a cognizable claim regarding the performance of Counsel-Substitutes Jeter and Kilcrease. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (no right to counsel, no deprivation of ineffective assistance). Accordingly, plaintiff's claim that Counsel-Substitutes Jeter and Kilcrease rendered ineffective assistance is frivolous and subject to dismissal.

Barred Claim

Plaintiff's claim that defendant Jerry L. Insco filed a "bogus" disciplinary case against him is barred. A favorable finding on this claim would invalidate plaintiff's disciplinary conviction. Plaintiff has not shown that the result of the disciplinary case has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Therefore, the Court is without jurisdiction to consider such claim.

Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1983. Accordingly, the pending complaint is subject to dismissal as legally frivolous.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's complaint (Docket Entry No.1) is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. All other pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 9th day of November, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE